[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14332
Non-Argument Calendar

_____

D. C. Docket No. 95-00159-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE LOUIS HARRELL,
a.k.a. Joe Lewis Harrell,
a.k.a. Motorcycle Joe,
a.k.a. Little Joe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 6, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Louis Harrell, pro se, appeals the sentence imposed by the district court following the grant of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Harrell argues that the district court erred in failing to grant him a downward variance in light of Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and in failing to address his assertions of error in his trial and original sentencing hearing. He also argues that the district court erred in failing to hold a hearing to address his arguments relating to these issues.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing rage that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that a § 3582(c)(2) proceeding is not "a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). "[A]ll original sentencing determinations [must] remain unchanged with the sole exception of the guideline range that has been amended since the original

2

sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Furthermore, Kimbrough is not applicable to § 3582(c)(2) proceedings. United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664). A defendant is not entitled to a hearing on a § 3582(c)(2) motion. See Fed.R.Crim.P. 43(b)(4) (stating that the defendant's presence is not required at a § 3582(c)(2) proceeding).

Harrell's argument for a downward variance is foreclosed by precedent. See Melvin, 556 F.3d at 1192-93. Harrell's remaining assertions of error were outside the scope of the proceeding, see Bravo, 203 F.3d at 781, and he was not entitled to a hearing on his motion, see Fed.R.Crim.P. 43(b)(4).

For the foregoing reasons, we affirm.

**AFFIRMED.**